Argued April 19, reversed and remanded
with instructions August 20, 1979

ERNEST WATSON,
*Petitioner,*
*v.*
OREGON STATE PENITENTIARY,
*Respondent.*

(No. 09-78-007, CA 12394)

599 P2d 466

Steven H. Gorham, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

THORNTON, J.

**THORNTON, J.**

Petitioner appeals from a disciplinary proceeding in which he was found to have violated a rule of prohibited conduct.

Petitioner first challenges the use of confidential statements from informants on the grounds that there were insufficient indicia of reliability and credibility of such informants.[1]

■ It is clear that in the interest of personal or institutional safety, the disciplinary committee may note omissions of evidence in its statement of reasons for the action taken, *see* OAR 291-40-115; *Wolff v. McDonnell,* 418 US 539, 565, 94 S Ct 2963, 41 L Ed 2d 935 (1974). Because the excluded evidence (here a confidential police report) is available to this court, petitioner is afforded meaningful review of the sufficiency of the entire record, even though he does not have access to all of it. Here, there were sufficient indicia of the informers' reliability and credibility. *See Preston v. OSP,* 35 Or App 799, 583 P2d 9 (1978).

■ Petitioner further claims that use of evidence from informants violates his right to confrontation of witnesses against him. Petitioner, however, has no general right to confrontation in a disciplinary hearing. *See Wolff v. McDonnell, supra,* 418 US at 568, 571, n 19.

■ Petitioner next challenges the propriety of conducting part of the hearing after a complete change of personnel on the disciplinary committee. All members of both the old and new disciplinary committees signed the order regarding the violation. It is unclear from

---

[1] OAR 291-40-115(5)(e) provides in pertinent part:

"(e) Information derived from unidentified informants may be considered by the disciplinary committee:

" * * * * *

"(B) The record must contain information from which the disciplinary committee can reasonably conclude that the informant was credible and his statement reliable."

the record whether all the members considered all of the evidence, testimony and arguments.

Under these circumstances, we think it is appropriate to reverse and remand for entry of an order that either: (1) shows that all members of the old and new disciplinary committees considered all of the evidence, testimony and arguments, if that is the fact, or (2) grants petitioner a new hearing.

Reversed and remanded with instructions.