Argued and submitted December 12, 1980, affirmed March 9, 1981

## KENDALL ARTHUR,
*Petitioner,*

*v.*

## OREGON STATE PENITENTIARY,
*Respondent.*

(Cases Consolidated)

(No. 06-80-314, CA 18680; No. 06-80-344, CA 18681)

624 P2d 672

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

This matter is before us on a petition for judicial review of an order by which petitioner was adjudged guilty of possession, manufacture or use of dangerous contraband and destruction of property. Relying on *Watson v. OSP,* 41 Or App 407, 599 P2d 466 (1979), petitioner challenges the propriety of conducting a portion of the disciplinary hearing after a change of personnel on the Disciplinary Committee.

The record discloses that the Committee met three times in this case. For the first two hearings, the members of the Committee remained the same. For the final hearing, following a continuance, the hearings officer remained the same, but the other member was changed.

OAR 291-105-041, effective subsequent to *Watson,* provides in part:

"(1) The hearing shall be conducted by a Hearings Officer or Committee composed of not more than three impartial persons appointed by the functional unit manager.

"(2) Neither the Hearings Officer nor the Committee members shall or will have participated in the case as a charging, investigation or reviewing officer. Further, no person shall serve as a member of the Committee, Hearings Officer, or as an investigator, who was a witness to the commission of the alleged misconduct or has personal knowledge of any disputed material fact relating to the case being heard.

*"(3) The Hearings Officer will conduct the hearing and shall decide whether the inmate has violated the rule(s) as charged by the misconduct report.*

"(4) The Hearings Officer or members of the Committee may pose questions during the hearing.

"(5) The evidence considered by the Hearings Officer will be of such credibility as would be considered by reasonable persons in the conduct of their affairs:

"(a) When unidentified informant testimony is presented to the Hearings Officer, the identity of the informant or the verbatim statement of the informant, or both, shall be revealed to the Hearings Officer.

"(b) Information must be submitted to the Hearings Officer upon which the Hearings Officer can find that the informant is reliable in the case at issue.

"(6)   At the hearing, the inmate will be allowed to speak in his/her own behalf and submit evidence as allowed in rules 291-105-065(4) through 291-105-066.

"(7)   *At the conclusion of the hearing, the Hearings Officer will deliberate and determine whether a violation has occurred.* The Hearings Officer may postpone the rendering of a decision for a reasonable period of time, not to exceed three (3) days, for the purpose of reviewing the evidence." (Emphasis supplied.) *See also* OAR 291-105-046.

The hearings officer is the only member with authority to consider the evidence and adjudge whether an inmate has violated a rule. In this instance that person remained unchanged through all the continuances. The change of membership of the Committee did not violate petitioner's right to a fair hearing.[1]

Affirmed.

---

[1] Petitioner does not claim that his rights as to the determination of sanctions were violated.